## Mack's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*J. Montgomery Forster* and *Powell & Ludlow*, for petitioner.

*Illoway & Fischer*, contra.

SINKLER, J., June 30, 1933.—The decedent during his lifetime conducted his business under the name of the Monarch Machinery Company and filed a certificate in the offices of the Secretary of the Commonwealth and of the Prothonnotary of the Courts of Common Pleas of Philadelphia County to the effect that he was the only person owning or interested in the business.

The petitioner, J. and G. Rich Company, all of whose capital stock is owned by Charles Bond Company, on June 6, 1930, executed an order in writing, addressed to the Monarch Machinery Company, for the purchase of a milling machine for the price of $1870. On July 18, 1930, Charles Bond Company addressed a letter to the Monarch Machinery Company, enclosing a check for the machine, reciting that the seller had agreed to repurchase the machine at any time within 3 years for $1250, and asking that the seller confirm this understanding in writing. On July 21, 1930, a letter was addressed to Charles Bond Company, signed "Monarch Machinery Company, Mack", agreeing to repurchase the milling machine at any time within 3 years for $1250, provided the machine had not been damaged while in the possession of the purchaser, ordinary wear excepted.

The decedent, Edwin R. Mack, died January 29, 1931, testate. On February 4, 1931, letters testamentary were granted by the Register of Wills of Philadelphia to his wife, Mabel S. Mack and Corn Exchange National Bank & Trust

Company as executors. The account of the executors was duly filed and by an adjudication dated March 18, 1932, confirmed absolutely, and the balance was awarded to Corn Exchange National Bank & Trust Company, trustee under the trust created by the last will of the decedent.

On April 21, 1933, a decree was entered by Van Dusen, J., ordering that a citation be issued to the executors to show cause why the decree of confirmation of the account should not be vacated and reviewed, said decree being made pursuant to petition of J. and G. Rich Company, reciting the foregoing facts and alleging that the petitioner had no actual knowledge that the decedent was the sole proprietor of the business known as Monarch Machinery Company and that the petitioner was not aware of the death of the decedent until November 17, 1932, when the petitioner wrote a letter addressed to the Monarch Machinery Company calling upon the Monarch Machinery Company to repurchase the milling machine. Answers to the petition were filed by each of the executors, admitting substantially the allegations of the petition and averring that no notice had been given by the petitioner of the existence of its claim against the estate and that the executors had no knowledge from the books or records of the decedent of such an agreement.

The question to be now determined is whether the court should open the adjudication in order that the petitioner, who had not presented its claim at the audit, might have an opportunity to do so.

The filing of the certificate, which contains the information specified in the Fictitious Names Act, in the office of the Secretary of the Commonwealth and in the office of the prothonotary, afforded notice to all who dealt with Monarch Machinery Company that Edwin R. Mack was the person owning or interested in the business conducted in that name. The situation is therefore no different than if the letter of July 21, 1930 had been signed "Edwin R. Mack", instead of "Monarch Machinery Company, Mack". Advertising of the grant of letters testamentary, of the filing of the executor's account, and of the audit constituted statutory notice to the petitioner of these matters. Neither of the two executors had actual knowledge of the undertaking by the testator to repurchase the machine, either by notice from the petitioner or from the books or records of the testator.

We have had before us for consideration recently and frequently petitions similar to the present one, involving the duty of an accountant to give notice of the audit of his account to creditors of the decedent. Numerous decisions by our appellate courts upon the subject have been reported. The most recent decision of the Supreme Court is Downing, Exec'r, v. Felheim et al., Exec'rs, 309 Pa. 566. It is there held that a creditor who has given no written notice of his claim to the executors is not entitled to receive actual notice of the audit, citing section 46 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447. The claimant in that case, the holder of a mortgage upon premises owned by the decedent, had actual knowledge of his death; his executors had actual knowledge of the existence of the mortgage debt. There is nothing in the record, Maxey, J., holds, which impugns the good faith of the executors, although they were mistaken in their belief at the time the estate was distributed that the personal estate of the decedent was not primarily liable for the payment of the mortgage debt.

In the present case there does not exist actual notice either on the part of the executors of the existence of the claim, or on the part of the claimant of the decedent's death, the filing of the account, or the audit thereof.

In Lorch's Estate, 284 Pa. 500, it is held as to the latter that where constructive notice is provided for (by statute) it has the same effect as actual notice and binds equally.

The claimant in the present case, having constructive notice of the decedent's death, was not entitled to actual notice of the audit because of failure to give written notice of his claim. The petition for review should be refused for that reason.

In conclusion, the opinion of Maxey, J., in Downing v. Felheim, supra, holds that exercise of discretion by the lower court in respect of a petition for review will not be disturbed by the appellate court in the absence of evidence of abuse thereof.

If a creditor who has either actual or constructive notice of the death of his debtor and the granting of letters fails to give written notice to the executor and administrator as required by the statute, our discretion will be exercised only if fraud or other such element exists. We find no circumstances existing in the present case which justify the exercise of our discretion to grant the relief prayed for as an exception to the general rule laid down in Downing v. Felheim.

The petition is dismissed.

VAN DUSEN, J., concurring.—I concur in the result, but for other reasons. A review cannot be granted after actual distribution except for fraud, failure to notify a claimant who has given notice to the accountant, or other similar matter. Distribution from executors to trustees is actual distribution, though they be the same persons: Stelwagon's Estate, 21 Dist. R. 272. The majority opinion reads more in the Felheim case than I can find there.